# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# BECKLEY DIVISION

**MOHAMMED SALEH,** )
       **Plaintiff,** )
        )
**v.** )      **Civil Action No. 5:24-00294**
        )
**UNITED STATES OF AMERICA**, *et al.*, )
       **Defendants.** )

## O R D E R

On June 17, 2024, Plaintiff, acting *pro se*, filed his Application to Proceed Without Prepayment of Fees and Costs and a Complaint seeking relief pursuant to the Federal Tort Claims Act [FTCA], 28 U.S.C. §§ 1346(b) and 2671, *et seq.*, and for alleged violations of his constitutional and civil rights pursuant to Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 24 L.Ed.2d 619 (1971). (Document Nos. 1 and 2.) In his Complaint, Plaintiff names the following as Defendants: (1) United States of America, (2) Warden K. Heckard; (3) Chaplain Weaver; (4) Lt. Spraddin; (5) Ms. Stennett; (6) Counselor Milam; (7) Officer Fernett; (8) Officer Ross; (9) Jarrall, Physician's Assistant; (10) Doctor Bradley; (11) Doctor Edwards; (12) Fox, Administrator of Health Services; and (13) Jane Doe, Medical Professional. (Document No. 2.) Concerning his FTCA claim, Plaintiff alleges intentional infliction of emotional distress based upon harassment, trespass to chattels, and sexual battery. (Id., pp. 8 – 14.) Concerning his Bivens claim, Plaintiff alleges the violation of his right to religious freedom under the First Amendment, deliberate indifference to his serious medical needs in violation of the Eighth Amendment, and retaliation in violation of the First Amendment.[1] (Id.) The factual support section, however, includes many generalized allegations.

---

[1] Since Plaintiff is pursuing both a FTCA and *Bivens* action, Plaintiff is **NOTIFIED** of the FTCA judgment bar. By pursuing both a FTCA and *Bivens* claim, a plaintiff risks the application of the FTCA judgment bar. Thus, a plaintiff pursuing a FTCA claim to judgment assumes a calculated risk. Title 28 U.S.C. § 2676 provides that "[t]he judgment in an action under section 1346(b) of this title shall constitute a complete bar to any action by the claimant, by

(Id., pp. 2 – 8.) Specifically, Plaintiff often alleges that misconduct occurred on a number of occasions or "many times" without providing an approximate date or specific factual allegations as to each alleged instance of misconduct. (Id.) Such vague and conclusory allegations are insufficient to state a cognizable claim.[2] (Id.)

Since Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore they are construed liberally. See Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Although pleadings filed by a *pro se* plaintiff are entitled to liberal construction, this "does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court." Drummond v. South Carolina Department of Corrections, 2012 WL 5077575, *3 (D.S.C. Oct. 1, 2012)(citing Weller v. Department of Social Services, 901 F.2d 387, 390-91 (4th Cir. 1990)); also see Miller v. Jack, 2007 WL 2050409, at *3 (N.D.W .Va. 2007)("Liberal construction does not require courts to construct arguments or theories for a *pro se* plaintiff because this would place a court in the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."). Federal Rule of Civil Procedure 8(a)(2) provides that "[a] pleading that states a claim for relief must contain * * * (2) a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Thus, Plaintiff should describe in short, clear numbered paragraphs the actions or inactions of the defendant(s) that he believes violated his rights. Plaintiff must state which of his legal rights he believes the defendant(s) violated. Additionally, Plaintiff must allege

---

reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim." 28 U.S.C. § 2676. Therefore, if Plaintiff elects to pursue his FTCA claim to "judgment," his "strategic decision triggers application of § 2676 to 'any action' – including constitutional claims – against the federal employee whose conduct was at issue in the adjudicated FTCA claim."

[2] Since Plaintiff has applied to proceed without prepayment of the Court's filing fees and costs, the documents comprising his Complaint are subject to pre-service screening pursuant to 28 U.S.C. § 1915. *See Randolph v. Baltimore City States Atty.*, 2014 WL 5293708 at *2 (D.Md.), *aff'd*, *Randolph v. New Technology*, 588 Fed. Appx.

specific factual allegations as to how each individual defendant personally violated his rights. Generalized, conclusory, or collective allegations against all defendants is insufficient. See Langford v. Joyner, 62 F.4th 122 (4th Cir. March 2, 2023); also see EEOC v. Xerxes Corp., 639 F.3d 658, 676 (4th Cir. 2011)(plaintiff's general allegation that a defendant used a racial slur "a bunch of different times" was insufficient to state a claim); Causey v. Balog, 162 F.3d 795, 802 (4th Cir. 1998)(finding that conclusory statements without specific evidentiary support, cannot support an actionable claim for harassment"); Carter v. Ball, 22 F.3d 450, 461-62 (4th Cir. 1994)(finding allegations "unsubstantiated by accounts of specific dates, times, or circumstances are too general to suffice"); Brown v. Wake County Government, 2017 WL 2982971, * 6 (E.D.N.C. July 12, 2017)(finding a threadbare allegation that plaintiff was "treated differently" is too vague to state a claim). Accordingly, if Plaintiff wishes to proceed with his above action, he should amend his Complaint to state specific facts. Plaintiff's Amended Complaint should identify each individual the Plaintiff seeks to name as a defendant. **Plaintiff must also state what constitutional, statutory or common law rights he believes each defendant has violated <u>and</u> support each claim with specific factual allegations about each defendant's actions or omissions, and allege, with some degree of particularity, how each named defendant was involved in the alleged deprivation of his rights.**

Plaintiff is hereby **NOTIFIED** that it will be insufficient for him to simply refer to his prior Complaint (Document No. 2), or additional documentation, or to incorporate the same by reference in the Amended Complaint. The Amended Complaint will supersede the original Complaint (Document No. 2), and there must be **one integrated document** that will provide the defendants with notice of the claims and allegations against them.

Plaintiff is **NOTIFIED** that, pursuant to Rule 10 of the Federal Rules of Civil Procedure,

---

219 (4th Cir. 2014).

3

he should include a caption of the case with the names of the parties, and he should state his claims in numbered paragraphs **including dates**, "each limited as far as practicable to a single set of circumstances" and each type of claim, if more than one, should be set out in a separate count, to promote clarity.[3] Fed. R. Civ. P. 10.

Accordingly, it is hereby **ORDERED** that Plaintiff has until **July 22, 2024**, to amend his Complaint to specifically set forth his claims. Failure of the Plaintiff to amend his Complaint by **July 22, 2024**, will result in a recommendation of dismissal of this matter without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure[4] and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia[5].

The Clerk is directed to mail to a copy of this Order and a form Complaint.

ENTER: June 20, 2024.



Omar J. Aboulhosn
United States Magistrate Judge

---

[3] In the "Statement of Claim" section of the form Complaint, plaintiff is advised to set forth each claim in a separate paragraph and to attach extra sheets if necessary.

[4] Rule 41(b) of the Federal Rules of Civil Procedure provides:
> **(b) Involuntary Dismissal: Effect**. If the plaintiff fails to prosecute or to comply with these rules or any order of court, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - - operates as an adjudication on the merits.

[5] Rule 41.1 of the Local Rules provides:
> **Dismissal of Actions**. When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action. The clerk shall transmit a copy of any order of dismissal to all counsel and unrepresented parties. This rule does not modify or affect provisions for dismissal of actions under FR Civ P 41 or any other authority.