UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

MOHAMMED SALEH,

    Plaintiff,

v.                                                  CIVIL ACTION NO. 5:24-CV-00294

THE UNITED STATES OF AMERICA and
WARDEN K. HECKARD and
CHAPLAIN WEAVER and
OFFICER FERNETT and
JANE DOE,
*Medical Professional,* and
LT. SPRADLIN and
MS. E. STENNETT and
COUNSELOR T. MILAM and
OFFICER A. ROSS and
MS. S. PHIPPS,
*Unicor Factory Manager*, and
BRIAN JARREL,
*Physician's Assistant*, and
DOCTOR RICKEY BRADLEY and
DOCTOR ROGER EDWARDS and
MELISSA FOX,
*Administrator of Health Services*,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

    Pending are Plaintiff Mohammed Saleh's Objections [ECF 44] to the Proposed Findings and Recommendations ("PF&R") entered by the Honorable Joseph K. Reeder, United States Magistrate Judge, on January 6, 2026, [ECF 41], and Mr. Saleh's Motion for Preservation of Evidence [ECF 43], filed on January 15, 2026. Defendants Rickey Bradley, Roger Edwards, Fernett, Melissa Fox, K. Heckard, Brian Jarrel, T. Milam, S. Phipps, A. Ross, Spradlin, E. Stennett,

and Weaver responded to the Motion for Preservation of Evidence on January 29, 2026. [ECF 46]. Mr. Saleh replied on February 11, 2026. [ECF 47]. The matter is ready for adjudication.

## I.

This action was previously referred to Magistrate Judge Reeder, for submission of a PF&R. Magistrate Judge Reeder filed his PF&R on January 6, 2026, [ECF 41] in which he addressed Mr. Saleh's claims under the Federal Tort Claims Act ("FTCA"), Religious Freedom Restoration Act ("RFRA"), and constitutional claims pursuant to *Bivens*. *Id.* Magistrate Judge Reeder recommended the Court grant Defendants' "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment" [ECF 31], dismiss Mr. Saleh's individual-capacity constitutional claims with prejudice [ECF 9], dismiss Mr. Saleh's FTCA claims without prejudice [*id.*], and remove this matter from the docket. Mr. Saleh timely objected on January 15, 2026. [ECF 44].

## II.

Federal law provides that "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see Samples v. Ballard*, 860 F.3d 266, 272. Failure to file timely objections constitutes a waiver of de novo review and the petitioner's right to appeal the Court's order. *See id.*; *see also Thomas v. Arn*, 474 U.S. 140 (1985) (stating that review of a magistrate judge's factual or legal conclusions is not required as to those portions of the findings or recommendation to which no objections are addressed); *United States v. De Leon-Ramirez*, 925 F.3d 177, 181 (4th Cir. 2019) (Parties may not typically "appeal a magistrate judge's findings that were not objected to below, as § 636(b) doesn't require de novo review absent objection."); *Snyder*

*v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989). "Moreover, a general objection to a magistrate judge's findings is not sufficient [to trigger de novo review] -- 'a party must object to the [magistrate's] finding or recommendation . . . with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *United States v. Benton*, 523 F.3d 424, 428 (4th Cir. 2008) (quoting *United States v. Midgette*, 478 F.3d 626, 621–22 (4th Cir. 2007)); *see Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) ("Courts have also held de novo review to be unnecessary . . . when a party makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations.").

### III.

*A. Exhaustion of FTCA and PLRA Remedies*

First, Mr. Saleh objects to the conclusion that he failed to exhaust his remedies prior to bringing his FTCA and PLRA claims. [ECF 44 at 1]. He contends he "timely presented two SF-95 claims to the BOP. Under 28 U.S.C. §2675(a), the agency's failure to respond within six months constitutes a 'constructive denial.'" [*Id.* at 2]. Next, he explains his "efforts were thwarted by staff, rendering remedies 'unavailable'" and thus he is entitled to a presumption of exhaustion. In support, he attaches a letter to Warden Heckard contending his remedies disappear, and he never receives a response or receipt. [ECF 44 at 1–2; ECF 44-1].

Mr. Saleh relies on the Supreme Court's jurisprudence in *Ross v. Blake* which explains administrative remedies must be "available" to be exhausted. 578 U.S. 632, 639–45 (2016) (explaining three circumstances in which administrative remedies are unavailable, (1) the procedure "operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates", (2) the procedure is "so opaque that it becomes. . .

incapable of use", and (3) "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.").

Mr. Saleh misunderstands Magistrate Judge Reeder's explanation of the failure to exhaust administrative remedies. Specifically, as Magistrate Judge Reeder explained, "[t]o satisfy § 2675(a), a plaintiff must present each tort claim to the appropriate federal agency in a manner sufficient to provide notice of the facts and damages underlying that claim before filing suit." [ECF 41 at 9]. Mr. Saleh filed two SF-95 forms, but he only included claims related to his medical injuries. [*See* ECF 31-1 at 4–13]. These filings failed to give the relevant federal agencies notice of the totality of the FTCA claims he alleged in his complaint. [*See id.*; ECF 9]. Although Mr. Saleh contends he never received a response to his SF-95 filings, Defendants' exhibits show Mr. Saleh received timely responses to both filings. [*See* ECF 31-1 at 4–13].

Inasmuch as Mr. Saleh filed his SF-95 claims alleging medical injuries -- and received a timely response, the Court finds no merit to Mr. Saleh's assertions that administrative remedies were unavailable. Although Mr. Saleh presents evidence that he communicated to the Warden about the lack of response to his complaints while incarcerated, that communication is insufficient to establish exhaustion for the FTCA claims to which he received responses. His contention based upon *Ross v. Blake* is unavailing for similar reasons. Accordingly, Mr. Saleh's first objection is **OVERRULED**.

B.  *Dismissal of Bivens and RFRA Claims*

Mr. Saleh objects to Magistrate Judge Reeder's conclusions as to his *Bivens* claims for medical neglect, asserting "Plaintiff's medical claims, including a stroke in his eye, fall under the recognized Eighth Amendment context of Carlson v. Green (1980)." [ECF 44 at 2]. Magistrate Judge Reeder analyzed Mr. Saleh's alleged injuries pursuant to the standards laid out in *Carlson*.

[ECF 41 at 7–8 (citing *Carlson v. Green*, 446 U.S. 14 (1980))]. Inasmuch as Mr. Saleh fails to elaborate on the basis for his objection, the Court finds Mr. Saleh's objection is general and conclusory. The objection lacks sufficient specificity to direct the Court to an error in Magistrate Judge Reeder's findings. *Benton*, 523 F.3d at 428.

Mr. Saleh's objection to Magistrate Judge Reeder's RFRA finding similarly fails. Mr. Saleh simply states "the Supreme Court held that RFRA permits monetary damages against federal officials individually." [ECF 44 at 3]. Magistrate Judge Reeder states as much in his analysis, explaining "RFRA permits claims for monetary damages against individual federal officials in appropriate circumstances." [ECF 41 at 8 (citing *Tanzin v. Tanvir*, 592 U.S. 43, 52–53 (2020))]. This objection also lacks sufficient specificity to direct the Court to an error in Magistrate Judge Reeder's findings. Accordingly, Mr. Saleh's third objection is **OVERRULED**.

C.    *Rule 56(d) Discovery*

Lastly, Mr. Saleh objects to the denial of additional discovery, asserting "summary judgment is premature when a plaintiff lacks access to essential evidence in the defendants['] exclusive control, such as SIS files and medical logs." [ECF 44 at 3].

Rule 56(d) motions "must be granted 'where the nonmoving party has not had the opportunity to discover information that is essential to his opposition.'" *Escobar-Salmeron v. Moyer*, 150 F.4th 360, 369 (4th Cir. 2025) (quoting *McCray v. Maryland Dep't of Transp., Maryland Transit Admin.*, 741 F.3d 480, 483–484 (4th Cir. 2014)). However, such "motions may be denied. . . if 'the additional evidence sought for discovery would not have by itself created a genuine issue of material fact sufficient to defeat summary judgment.'" *Escobar-Salmeron*, 150 F.4th at 370 (quoting *Ingle ex rel. Est. of Ingle v. Yelton*, 439 F.3d 191, 195 (4th Cir. 2006)).

As explained by Magistrate Judge Reeder, and as made clear upon the Court's review of the record, the dismissal of Mr. Saleh's claims does not rest upon discoverable facts. Instead, dismissal rests upon Mr. Saleh's claims as pled and his failure to exhaust administrative remedies. The insufficiencies in Mr. Saleh's complaint can be remedied without additional evidence. Accordingly, Mr. Saleh's fourth objection is **OVERRULED**.[1]

E.   *Motion for Preservation of Evidence*

The duty to preserve exists "not only during litigation but also extends to that period before the litigation when a party reasonably should know that the evidence may be relevant to anticipated litigation." *Turner v. United States*, 736 F.3d 274, 282 (4th Cir. 2013). Mr. Saleh failed to adduce any evidence that Defendants are not in compliance with their duty to preserve. [ECFs 43, 47]. On the other hand, Defendants contend a litigation hold is in place to preserve documents relevant to Mr. Saleh's claims. [ECF 46 at 1]. Inasmuch as Mr. Saleh's claims are dismissed without prejudice, the "anticipation of litigation" period is ongoing. Accordingly, the Motion for Preservation of Evidence is **DENIED**.

IV.

For the foregoing reasons, the Court **OVERRULES** objections one, three, and four [**ECF 44**], **ADOPTS** the PF&R in part and **REJECTS** the PF&R in part as to objection two [**ECF 41**], **GRANTS** the Defendants' Motion to Dismiss [**ECF 31**], **DISMISSES WITHOUT**

---

[1] Mr. Saleh's second objection challenges the recommendation that his *Bivens* claims be dismissed with prejudice pursuant to the applicable two-year statute of limitations. The Court declines to adopt this portion of the PF&R. His claims are thus dismissed without prejudice.

**PREJUDICE** the Amended Complaint [**ECF 9**], and **REMOVES** this matter from the Court's docket.

The Clerk is directed to send a copy of this written opinion and order to counsel of record and to any unrepresented party.

ENTER: March 6, 2026

Frank W. Volk
Chief United States District Judge